UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GEORGE ELLIS SIMMONS,
    Plaintiff,

vs.                                                                                                                                 07-3168

FRANSIS KAYRIA,
    Defendant.

## MERIT REVIEW ORDER

       This matter is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the merit review by telephone conference call.

       The plaintiff, George Ellis Simmons, claims he is filing his lawsuit pursuant to the 42 U.S.C. §1983 and the Americans with Disabilities Act (herein ADA). The plaintiff has named two defendants from Graham Correctional Center: Dr. Fransis Kayira and Healthcare Administrator Jan Miller. It appears the plaintiff's sole claim is the defendants have either failed to provide him copies of all requested medical record or failed to properly interpret those records.

       The plaintiff says after a screening test on October 17, 2006, he was told that he was infected with both Hepatitis C and the Human Immunodeficiency Virus (HIV). The medical staff at Graham Correctional Center started the plaintiff on medication. Apparently, this October 2006 test result also suggested that the plaintiff should undergo further testing to confirm the appropriate diagnosis. On November 30, 2006, Defendant Dr. Kayira told the plaintiff that he had reviewed the latest lab results and the plaintiff was infected with the Autoimmune Deficiency Virus or AIDS.

       The plaintiff says on December 15, 2006, he submitted his first request for medical records to Defendant Jan Miller's department. The plaintiff said he wanted test and lab results for each time he was tested. On February 28, 2007, the plaintiff received his lab and test results from the October 17, 2006 examination. The plaintiff says it consisted of three pages of information he could read and another six pages of medical abbreviations that only a trained medical person could understand.

       On March 12, 2007, the plaintiff sent a request to Defendant Miller asking that he interpret the last six pages for the plaintiff. A nurse informed the plaintiff that this was the responsibility of Defendant Dr. Kayira. The plaintiff claims the doctor never complied with this request although he continued to be seen and treated by Dr. Kayira.

On April 4, 2007, Dr. Kayira asked the plaintiff to allow a nurse to take blood for another blood test and to submit to a biopsy. The plaintiff would only approve the blood test. On April 5, 2007, the plaintiff asked for a copy of this lab test from Defendant Miller, but he has not received a response.

The plaintiff says he requested an interview with Dr. Kayira on April 5, 2007 and April 26, 2006 to discuss his medication but his requests have been ignored. However, the plaintiff says he met with the doctor on October 17, 2006; January 17, 2007 and April 19, 2007 to "discuss the plaintiff's progress regarding his treatment for A.I.D.S." (Comp, p. 5a) The plaintiff claims the doctor refused to address his questions about his medications.

The plaintiff says from December 15, 2006 to May 2, 2007, he has submitted eight more requests to Defendant Miller asking for a copy of his medical records.

During the merit review hearing, the plaintiff confirmed that his reason for filing this lawsuit was the defendants' failure to either provide all the medical records he had requested or interpret the records he had received. The plaintiff also confirmed he has been treated for the AIDS virus for the past 10 months.

The plaintiff has filed this lawsuit in federal court, but has failed to state a violation of his constitutional rights pursuant to §1983. *See Ramierez v. Delcore,* 2007 WL 2142293 (S.D.Tex. 2007) (failure to provide a prisoner a copy of medical records did not state a violation of due process rights); *see also Gotkin v. Miller,* 379 F. Supp. 859 (D.C.N.Y. 1974)(failure to provide a copy of medical records did not state a violation of the First, Fourth, Ninth or Fourteenth Amendment). The plaintiff has also failed to articulate a violation of the Americans with Disabilities Act.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 2, 3], and this case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding**

        monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)	 The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)	The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)	If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

        Entered this 21st day of August, 2007.


                        S\Harold A. Baker
        _____
                        HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE